# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JON PAUL ZIEHR, et al., | )<br>) |
|     Plaintiffs, | )    Case No. 10-00299-CV-S-DGK<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
|     Defendant. | ) |

## ORDER

Pending before the Court is Defendant's Motion to dismiss for failure to comply with Missouri Revised Statute section 538.225.2. Doc. 10. The Court has reviewed this Motion in conjunction with Plaintiff's Suggestions in Opposition and Defendant's Reply. Docs. 14-15. For the reasons discussed below, this Motion is DENIED.

## Background

On April 1, 2010, Plaintiffs filed suit pursuant to the Federal Tort Claims Act ("FTCA"), alleging that various military doctors failed to diagnose Mr. Ziehr with a congenital heart defect called an atrial septal defect,[1] ("ASD") causing him to develop Eisenmenger's Syndrome.[2] Plaintiff Jennifer Ziehr also claims loss of consortium. Prior to filing suit, Plaintiffs filed a claim with the U.S. Army Claims Service on August 24, 2005, which was denied. Doc. 1 at 15-16. On June 24, 2010, Plaintiffs' attorney filed an affidavit stating that he has obtained the written opinion of Dr. Gerald B. Lee, M.D. that "the defendant health care provider and its agents and employees failed to use such care as a reasonably prudent and careful health care provider under

---

[1] ASD is "a hole in the wall between the two upper chambers of your heart." *Atrial septal defect (ASD),* MayoClinic.com, http://www.mayoclinic.com/health/atrial-septal-defect/DS00628 (last visited October 25, 2010).
[2] Eisenmenger's syndrome is "a heart condition associated with high blood pressure in the lungs." *Eisenmenger Syndrome,* MayoClinic.com, http://www.mayoclinic.org/eisenmenger-syndrome/ (last visited October 25, 2010).

similar circumstances [which]…directly caused or directly contributed to cause the damages claimed by the plaintiffs." Doc. 6 at ¶ 4. This affidavit was filed pursuant to the requirements of Missouri Revised Statute section 538.225, governing tort actions against health care providers.

In 2005, section 538.225 was revised to add a definition of "legally qualified health care provider" which requires plaintiffs to obtain the opinion of a health care provider "either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant." Mo. Rev. Stat. § 538.225.2. This revision was part of a bill which modified many provisions of Missouri tort law. The bill provided that "[t]he provisions of this act…shall apply to all causes of action filed after August 28, 2005." H.B. 393, 93rd Gen. Ass., 1st Reg. Sess. (Mo. 2005).

### Discussion

Defendant seeks dismissal of this action or, in the alternative, dismissal of certain allegations, for failure to comply with the affidavit requirements. Defendant asserts that Plaintiffs' affidavit is insufficient because it does not state that Dr. Lee practices in substantially the same area of practice as the health care providers in this case. Plaintiffs respond by arguing that because they filed their administrative claim on August 24, 2005, the current version of the statute does not apply. In the alternative, Plaintiffs argue that Dr. Lee meets the specialty requirement and that they have obtained further qualifying written opinions.

**A. Current Missouri Law Applies To This Case**

In support of their argument that the prior version of section 538.225 applies, Plaintiffs offer a nonprecedential Ninth Circuit opinion interpreting Arizona law. *Mezei v. United States,* 51 F.3d 381 (Table), 1995 WL 139233 (9th Cir. 1995). *Mezei* held "that for purposes of the FTCA, the filing of an administrative claim is the equivalent of the filing of an 'action' pursuant

2

to the Arizona statute." *Id.* at *2. While this is not binding on the Court for many reasons, it is also not persuasive authority. In the Missouri statute at issue, the word "after" modifies the word "filed." Accordingly, the issue of when the revision took effect is properly understood as the meaning of "filed." Missouri courts have recognized that "filing" generally means filing with a judge or court clerk. *Coffer v. Wasson-Hunt,* 281 S.W.3d 308, 310 (Mo. 2009) (citing Mo. R. Civ. P. 43.02(b)). *See also Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 54 (Mo. 1981) (holding that "filing is the actual delivery of the paper to the clerk") (quoting *Ferguson v. Long,* 107 S.W.2d 7, 10 (Mo. 1937)). Additionally, usage suggests that a "cause of action" is distinct from an administrative claim. *See, e.g., Cooper v. Minor,* 16 S.W.3d 578, 580 (Mo. 2000) (holding that "appellant's cause of action was not tolled by filing administrative grievances"). While *Mezei* may have correctly interpreted Arizona law in a similar situation, that does not control the Court's interpretation of Missouri law. These distinctions and a natural reading of the statute indicate that the 2005 amendments apply to petitions filed in court after August 28, 2005. Accordingly, Plaintiffs are held to the requirements of the current version of section 538.225.

**B. Plaintiffs' Amended Affidavits Satisfy Section 538.225's Requirements**

Plaintiffs also argue that Defendant is asking the Court to interpret "substantially the same specialty" to mean identical certifications, a practice that has been rejected by the Missouri Supreme Court. *See Spradling v. SSM Health Care St. Louis,* 313 S.W.3d 683, 689 (Mo. 2010) (noting that "the health care provider may have a different board certification but may practice 'substantially the same specialty' because of an expertise in the *medical procedure at issue*") (emphasis added). *Spradling* held that a radiologist who had performed vertebroplasties was a "legally qualified health care provider" in a case dealing with a vertebroplasty because the legislature intended "to prevent plaintiffs from relying on opinions from health care providers

3

with minimal to no experience in performing the procedure in question." *Id.* at 690. Plaintiffs' complaint centers around their allegations that military doctors failed to diagnose his ASD during physical exams and failed to perform physical exams that would have detected it. Plaintiffs argue that Dr. Lee's experience performing physical exams qualifies him under *Spradling*. Defendant asserts that it is not using the affidavit statute to create a battle of credentials but then argues, for example, that "[t]here is no indication…that Dr. Lee has engaged in any of the specialty areas of practice of any of the United States Army physicians, and certainly has not practiced as a certified nurse practitioner." Doc. 15 at 5. As *Spradling* shows, the issue is properly understood as a procedural hurdle to prevent plaintiffs from obtaining the opinion of a doctor who has little to no experience with the relevant procedures at issue. Plaintiff's amended affidavit states that Dr. Lee performed physical exams on a daily basis during the time in question. Furthermore, Plaintiff has also obtained the opinions of Dr. Jonathan M. Levy, a radiologist, that a proper reading of a 1999 chest x-ray would have been "abnormal," rather than "normal." Doc. 14-2. Dr. Charles E. Bayse, a family practitioner, has provided the opinion that such a finding should have led to a CT scan and an EKG which would have discovered Plaintiff's ASD and prevented the "irreversible pulmonary hypertension and Eisenmenger's Syndrome…" *Id.*

## Conclusion

Plaintiffs filed their initial affidavit within the 90-day time period required by statute. However, given that the Court finds that the current version of the statute applies, this affidavit is insufficient in that it fails to allege that Dr. Lee is a legally qualified health care provider. Plaintiffs submitted new affidavits with their response to this motion which remedy the problems with the initial affidavit. Given Plaintiffs' good faith argument that the prior version applied, the

Court deems Plaintiffs' amended affidavits filed for good cause within the second 90-day period.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED**

Dated:   December 17, 2010                             /s/ Greg Kays
                                                      GREG KAYS,
                                                      UNITED STATES DISTRICT JUDGE